## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRANDON M. VENTURINI, | |
| Plaintiff, | CIVIL ACTION FILE NO.: _____ |
| v. | |
| CHECKR, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff, Brandon M. Venturini ("Plaintiff"), by and through the undersigned counsel, hereby files his Complaint ("Complaint") against Defendant, Checkr, Inc. ("Defendant") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

2. Plaintiff is an individual and a consumer as defined by the FCRA.

3. Defendant is a consumer reporting agency under the FCRA.

4. Defendant violated the FCRA when it falsely and inaccurately reported to DoorDash that Plaintiff's driver's license had been suspended when they had not been ("Inaccurate Information"). Defendant's false consumer report caused Plaintiff to lose his ability to work for DoorDash and the income he would have made from the job. Plaintiff's damages are ongoing.

## JURISDICTION, VENUE, AND PARTIES

5.    At all times material to this action, Plaintiff was a resident of the State of Wisconsin and this Judicial District.

6.    At all times material to this action, Defendant was a Delaware corporation with its principal address located at 1 Montgomery Street, Suite 2400, San Francisco, CA 94104.

7.    Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: The Corporation Trust Company, Corporate Trust Center, 1209 Orange Street, Wilmington, DE 19801.

8.    The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

9.    Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this District, and the events described herein occurred in this District.

10.    Venue is proper in this District as Plaintiff resides in this District and the acts and transactions described herein occurred in this District.

11.    At all material times herein, Plaintiff was a natural person residing in Eau Claire, Wisconsin.

## FCRA STATUTORY STRUCTURE

12.    Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 U.S.C. § 1681a.

13.    Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b) (emphasis added).

14.    The FCRA also requires consumer reporting agencies to undertake reasonable investigations of disputes that it received from consumers concerning the accuracy of their credit files.  15 U.S.C. § 1691i(a).

15.    Any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than $1,000; such amount of punitive damages as the Court may allow; and the costs of the action together with reasonable attorneys' fees. 15 U.S.C. § 1681n.

16.    Under the FCRA, any person who is negligent in failing to comply

3

with any requirement imposed with respect to any consumer, is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. 15 U.S.C. § 1681o.

17.     Defendant violated the FCRA and is liable to Plaintiff.

## GENERAL ALLEGATIONS

18.     At all material times herein, Plaintiff was a "consumer" as defined by 15 U.S. C. § 1681a(c).

19.     At all material times herein, Defendant was a "person" as defined by 15 U.S.C. § 1681a(b).

20.     In June 2026, Defendant reported the Inaccurate Information in a consumer report it prepared and provided to DoorDash concerning Plaintiff.

21.     Defendant reported that Plaintiff's Wisconsin Driver's License had been suspended.  This was false and inaccurate.  Plaintiff's driver's license had not been suspended.

22.     Defendant easily could have, and should have, recognized that its reporting of the Inaccurate Information was false and inaccurate before it included it on the consumer report it provided to DoorDash.  This is because the subject record reported by the Wisconsin Department of Transportation ("DOT") was a "UDP-undeliverable product" record.  A UDP record simply means that the DOT

4

mailed a consumer's driver's license to them and it was returned to the DOT as undeliverable for some reason related to the mail.  A UDP notation does not mean, in any way, shape, or form, that a driver's license was suspended.  A UDP notation does not add points against a driver's license.

23.    The DOT makes resources available to the public concerning how to read driver's records made available by the DOT.  All of these resources were available to Defendant before it reported that Plaintiff's driver's license had been suspended.  The resources demonstrate that a UDP notation is not a suspension. The resources demonstrate that a UDP notation does not add points against a driver's license.

24.    Defendant recklessly reported that Plaintiff's driver's license was suspended just because it had a UDP notation.  Defendant had actual, or constructive, knowledge that a UDP notation was not a suspension at the time it reported the Inaccurate Information to DoorDash.

25.    When Plaintiff learned of Defendant's inaccurate reporting of the Inaccurate Information, he disputed it with Defendant several times.

26.    One or more of Plaintiff's disputes with Defendant included a copy of Plaintiff's DOT driving record that clearly reflected no suspensions.

27.    Defendant responded to Plaintiff's disputes and maintained its position that its reporting of the Inaccurate Information was accurate.

5

28.     Defendant refused to correct the Inaccurate Information.

29.     Upon information and belief, Defendant failed to consider all of the information that that Plaintiff provided with his disputes, including a copy of his DOT driving record.  Had Defendant considered such information, it would have corrected the Inaccurate Information and sent a corrected report to DoorDash so that Plaintiff could have resumed his employment with DoorDash and benefited from the related earnings.

30.     In the alternative, if Defendant did review and consider all of the information Plaintiff provided with his disputes, including the DOT driving record, then Defendant's refusal to correct Plaintiff's report and send a corrected report to DoorDash was intentional, willful, and intended to harm Plaintiff.

31.     As a result of Defendant's violations of the FCRA, Plaintiff has suffered reputational harm because Defendant falsely reported to DoorDash that Plaintiff's driver's license had been suspended when it had not been; lost income because of the lost work with DoorDash caused by Defendant's false reporting; embarrassment from Defendant's false reporting; emotional distress from Defendant's false reporting and the loss of income that causes Plaintiff extreme worry and distress over how he can meet his financial obligations; loss of sleep from worrying about the loss of income and false reporting caused by Defendant; lost time and effort reviewing his inaccurate consumer reports and making disputes

6

with Defendant (which were rebuffed by Defendant); emotional distress from having to go up against a major corporation with virtually unlimited financial and personnel resources to persuade it to report accurately; and other damages to be shown at trial.

32.     When Defendant refused to correct its inaccurate reporting after Plaintiff made several disputes on his own, Plaintiff was forced by Defendant to retain legal counsel to represent him and bring this case as the only recourse left.

33.     Plaintiff's damages are ongoing and Defendant is liable for them.

34.     Plaintiff also asks the Court and jury to hold Defendant responsible for its reckless, and intentional, conduct in this matter by awarding Plaintiff a substantial amount of punitive damages that are in relation to its substantial net worth estimated to be in excess of $5 billion.  Upon information and belief, Defendant spent a small fraction of its net worth addressing Plaintiff's disputes.

35.     Defendant is also estimated to have over 1,300 employees.  Upon information and belief, only a small handful of Defendant's employees, if any, spent time handling Plaintiff's disputes.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 U.S.C.§ 1681e(b)

36.     Plaintiff re-alleges paragraphs 1-35 as if fully restated herein and further states as follows:

37.    Defendant is subject to, and violated, 15 U. S. C. § 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report(s) it published about him to DoorDash that included the Inaccurate Information.

38.    Defendant willfully failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer report(s) it provided about him to DoorDash that Included the Inaccurate Information.  In the alternative, Defendant's violations were negligent.

39.    The conduct of Defendant was a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

40.    Defendant's violations of 15 U.S.C. § 1681e(b), constitute negligent or willful noncompliance—or both—of the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as provided by 15 U.S.C. §§ 1681n, or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 U.S.C.§ 1681i(a)**

41.    Plaintiff re-alleges paragraphs 1-40 as if fully restated herein and further states as follows:

8

42.     At all times relevant hereto, Defendant was a consumer reporting agency under the FCRA.

43.     Defendant violated Section 1681i(a) of the FCRA when it failed to properly investigate Plaintiff's disputes of the Inaccurate Information.  Defendant is liable to Plaintiff under Sections 1681n and 1681o of the FCRA for its reckless and negligent violations of the FCRA.  Defendant did not undertake reasonable investigations of Plaintiff's disputes with it concerning the Inaccurate Information and did not consider all relevant information provided with such disputes, including Plaintiff's DOT driving record.

44.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the damages and harm to Plaintiff described in Paragraph 31 above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

a.     Judgment against Defendant for actual damages, statutory damages, punitive damages, attorney's fees and costs under the FCRA;

b.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this matter as required by law including all consumer reports it issued concerning Plaintiff and all dispute records.

Dated: July 14, 2026.                    Respectfully submitted,

*/s/ John A. Love*
John A. Love
USDC WDWI Bar No.: 459155
**LOVE CONSUMER LAW**
2500 Northwinds Parkway, Suite 330
Alpharetta, GA  30009
(tel.) (404) 855-3600
(fax) (404) 301-2300
tlove@loveconsumerlaw.com

Nathan E. DeLadurantey, 1063937
**DELADURANTEY LAW OFFICE, LLC**
136 E. Saint Paul Ave.
Waukesha, WI 53188
(414) 377-0515
E: nathan@dela-law.com

*Counsel for Plaintiff*